**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF TEXAS

Case number *(if known)* _____ Chapter **11**

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy
04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Vista Proppants and Logistics, LLC** |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **82-0797817** |

4.  **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **4413 Carey Street** **Fort Worth, TX 76119-4219** Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Tarrant** County | **Location of principal assets, if different from principal place of business** Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.vprop.com** |

6.  **Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **Vista Proppants and Logistics, LLC**

Name

Case number (*if known*) _____

---

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
    __2123__

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply*:

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| District | When | Case number |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☐ No

■ Yes.

Debtor    **See Attachment** _____ Relationship _____

District _____ When _____ Case number, if known _____

---

Debtor  **Vista Proppants and Logistics, LLC**                                    Case number (*if known*) _____
      Name

---

**11.**  **Why is the case filed in this district?**

*Check all that apply:*

■  Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐  A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12.**  **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■  No

☐  Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐  It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

☐  It needs to be physically secured or protected from the weather.

☐  It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐  Other _____

**Where is the property?** _____
    Number, Street, City, State & ZIP Code

**Is the property insured?**

☐  No

☐  Yes.  Insurance agency _____

      Contact name _____

      Phone _____

---

### ■ Statistical and administrative information

**13.**  **Debtor's estimation of available funds**

*Check one:*

■  Funds will be available for distribution to unsecured creditors.

☐  After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14.**  **Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15.**  **Estimated Assets**

| | | |
|---|---|---|
| ■ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16.**  **Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ■ $100,000,001 - $500 million | ☐ More than $50 billion |

---

Debtor  **Vista Proppants and Logistics, LLC**  Case number (*if known*) _____
      Name

| | **Request for Relief, Declaration, and Signatures** |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **June  9, 2020**
             MM / DD / YYYY

**X**   /s/ Gary Barton _____   **Gary Barton** _____
    Signature of authorized representative of debtor   Printed name

Title   **Chief Restructuring Officer** _____

**18. Signature of attorney**

**X**   /s/ Stephen M.  Pezanosky _____   Date   **June  9, 2020**
Signature of attorney for debtor              MM / DD / YYYY

**Stephen M. Pezanosky** _____
Printed name

**Haynes and Boone, LLP** _____
Firm name

**301 Commerce Street**
**Suite 2600**
**Fort Worth, TX 76102** _____
Number, Street, City, State & ZIP Code

Contact phone   **817-347-6601** _____   Email address   **stephen.pezanosky@haynesboone.com** _____

**15881850 (Texas) TX** _____
Bar number and State

Debtor   **Vista Proppants and Logistics, LLC**      Case number *(if known)* _____

     Name

---

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF TEXAS

Case number *(if known)* _____    Chapter   **11**

☐ Check if this an amended filing

---

## FORM 201. VOLUNTARY PETITION

### Pending Bankruptcy Cases Attachment

| | | | | |
|---|---|---|---|---|
| Debtor | **Denetz Logistics, LLC** | | Relationship to you | **Common Ownership** |
| District | **Northern District of Texas, Fort Worth Division** | When | Case number, if known | |
| Debtor | **Lonestar Prospects Management, L.L.C.** | | Relationship to you | **Common Ownership** |
| District | **Northern District of Texas, Fort Worth Division** | When | Case number, if known | |
| Debtor | **Lonestar Prospects, Ltd.** | | Relationship to you | **Common Ownership** |
| District | **Northern District of Texas, Fort Worth Division** | When | Case number, if known | |
| Debtor | **MAALT Specialized Bulk, LLC** | | Relationship to you | **Common Ownership** |
| District | **Northern District of Texas, Fort Worth Division** | When | Case number, if known | |
| Debtor | **MAALT, LP** | | Relationship to you | **Common Ownership** |
| District | **Northern District of Texas, Fort Worth Division** | When | Case number, if known | |
| Debtor | **VPROP Operating, LLC** | | Relationship to you | **Common Ownership** |
| District | **Northern District of Texas, Fort Worth Division** | When | Case number, if known | |

### JOINT WRITTEN CONSENT OF THE
### BOARD OF MANAGERS AND THE FIRST RESERVE MEMBER OF
### VISTA PROPPANTS AND LOGISTICS, LLC

### June 9, 2020

The undersigned being all of the members of the board of directors (each a "Manager" and collectively, the "Board") of Vista Proppants and Logistics, LLC, a Delaware Limited Liability Company (the "Company"), which is the sole member of VPROP Operating, LLC, a Delaware limited liability company ("Borrower"), which is the sole member of: (a) Lonestar Prospects Management, L.L.C., a Texas limited liability company ("LPM"), (b) Denetz Logistics, L.L.C., a Texas limited liability company ("Denetz"), and (c) Maalt Specialized Bulk, LLC, a Texas limited liability company ("Specialized" and together with Borrower, LPM, and Denetz, collectively the "Subsidiaries" and each a "Subsidiary"), and FR Sand Holdings LLC, a Delaware limited liability company and member of the Company (the "First Reserve Member"), acting pursuant to the Delaware Limited Liability Company Act, and the Amended and Restated Limited Liability Company Agreement of the Company, as amended, do hereby waive the requirements of notice and voting, including without limitation, any specific requirement of prior notice for taking actions by written consent, and of a meeting and hereby consent to, adopt and approve the following resolutions and each and every action effected thereby (the "Consent"):

### Recitals

WHEREAS, the Company and its Subsidiaries are undergoing unprecedented financial distress and operational challenges relating to the COVID-19 pandemic;

WHEREAS, the Board and the First Reserve Member have received, reviewed, and considered materials presented by management and the legal and financial advisors of the Company regarding the Company and its Subsidiaries' financial and operating difficulties and the impact of the foregoing on the Company and its Subsidiaries' businesses;

WHEREAS, the Board and the First Reserve Member have received, reviewed and considered advice from management and the legal and financial advisors of the Company regarding possible strategic alternatives to address the Company and its Subsidiaries' financial and operating difficulties, including pursuant to in-court bankruptcy proceedings, and the impact of the foregoing on the Company and its Subsidiaries' businesses and their stakeholders;

WHEREAS, in light of the foregoing, the Board and the First Reserve Member have determined that it is desirable and in the best interests of the Company and its Subsidiaries to cause to be filed petitions by the Company and its Subsidiaries seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on or after June 9, 2020;

WHEREAS, the Company and its Subsidiaries do not have sufficient liquidity to continue operations during the pendency of the chapter 11 bankruptcy proceeding, the Board and the First Reserve Member have further determined that it is advisable and in the best interests of the Company and its Subsidiaries, and their stakeholders for the Company and its Subsidiaries to: (i) obtain post-petition financing (the "DIP Facility"), in accordance with that certain key term sheet

(in substantially the form previously provided to and reviewed by the Board and the First Reserve Member, the "DIP Term Sheet"), pursuant to a debtor-in-possession credit agreement to be entered into among Ares Capital Corporation, as administrative agent (the "DIP Agent") on behalf of the lenders named therein (the "DIP Lenders"), the Company, and Subsidiaries identified therein in substantially the form previously provided to and reviewed by the Board and the First Reserve Member (the "DIP Credit Agreement") to fund the working capital requirements of the Company and its Subsidiaries and other transactions as more fully described therein in substantially similar terms as set forth in the DIP Term Sheet and (ii) grant a security interest in substantially all of the Company and Subsidiaries' assets to the DIP Agent for the benefit of the DIP Lenders to secure the obligations under the DIP Facility, as further provided in the DIP Credit Agreement;

WHEREAS, in order to evidence and secure the indebtedness, obligations, and liabilities of the Company and each Subsidiary pursuant to the DIP Credit Agreement, the Board and the First Reserve Member deem it advisable and in the best interest of the Company and its Subsidiaries to (i) enter into, execute, deliver, and perform its obligations under any and all agreements, documents, instruments, certificates, acknowledgments, statements and papers as may be contemplated by or entered into in connection therewith, including any of the foregoing pursuant to which the Company and the Subsidiaries grant a security interest on their respective assets described therein (collectively with the DIP Credit Agreement, the "Loan Documents") and any amendments, supplements, modifications, restatements, or increases to any of the foregoing on such terms and conditions as the Board or any officer of the Company, acting alone, deems to be in the best interests of the Company and its Subsidiaries; and (ii) consummate the transactions contemplated by the Loan Documents;

WHEREAS, the Board and the First Reserve Member have previously appointed Gary Barton ("Mr. Barton") as the Chief Restructuring Officer of the Company; and

WHEREAS, the Board and the First Reserve Member have determined that it is advisable and in the best interests of each of the Subsidiaries to appoint Mr. Barton as the Chief Restructuring Officer of each of the Subsidiaries.

NOW, THEREFORE, BE IT

## Filing and Prosecution of Bankruptcy Case

RESOLVED, that it is desirable and in the best interest of the Company and its Subsidiaries to authorize Gary Barton ("Authorized Officer"), to cause to be filed petitions in the name of the Company and its Subsidiaries (the "Chapter 11 Petitions") seeking relief under the provisions of Chapter 11 of the Bankruptcy Code; and it is further

RESOLVED, that the Board and the First Reserve Member shall authorize and direct Authorized Officer, acting on behalf of the Company and its Subsidiaries, to execute and verify the Chapter 11 Petitions and to cause the same to be filed in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Bankruptcy Court"), in such form and at such time as Authorized Officer shall determine; and it is further

RESOLVED, that Authorized Officer, acting on behalf of the Company and its Subsidiaries, hereby is authorized to execute and file (or direct others to do so on behalf of the

Company and its Subsidiaries as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and in connection therewith, to employ and retain all assistance by legal counsel, accountants or other professionals and to take any and all action which they deem necessary and proper in connection with the Chapter 11 cases, provided; however, such authorization does not include a delegation of authority to Authorized Officer for actions that require Board approval, including, without limitation, approval and filing of plans of reorganization, or any material amendments thereto, in connection with the Chapter 11 cases; and it is further

**Employment of Professionals**

RESOLVED, that the law firm of Haynes and Boone, LLP ("Haynes and Boone") be, and hereby is, employed under general retainer as bankruptcy counsel for the Company and its Subsidiaries in the Chapter 11 cases, and Authorized Officer, acting on behalf of the Company and its Subsidiaries, is hereby authorized and directed to execute appropriate retention agreements, direct payment of appropriate retainers in substantially the amounts previously discussed by the Board prior to and immediately upon the filing of the Chapter 11 cases, and cause to be filed an appropriate application for authority to retain the services of Haynes and Boone; and it is further

RESOLVED, that the consulting firm of Kurtzman Carson Consultants LLC ("KCC") be, and hereby is, employed as claims, noticing, balloting, and solicitation agent and to provide other related services for the Company and its Subsidiaries in the Chapter 11 cases, and Authorized Officer, acting on behalf of the Company and its Subsidiaries, is hereby authorized and directed to execute appropriate retention agreements, direct payment of appropriate retainers in substantially the amount previously discussed by the Board prior to and immediately upon the filing of the Chapter 11 cases, and cause to be filed an appropriate application for authority to retain the services of KCC; and it is further

RESOLVED, that Authorized Officer, acting on behalf of the Company and its Subsidiaries, is hereby authorized and directed to employ any other firm as professionals or consultants to the Company and its Subsidiaries as are deemed necessary to represent and assist the Company and its Subsidiaries in carrying out their duties under the Bankruptcy Code and, in connection therewith, Authorized Officer, acting behalf of the Company and its Subsidiaries, is hereby authorized and directed to execute appropriate retention agreements, direct payment of appropriate retainers prior to and after the filing of the Chapter 11 cases and cause to be filed appropriate applications for authority to retain the services of such firm; and it is further

**Authorization to Obtain DIP Financing**

RESOLVED, that it is advisable and in the best interests of the Company and its Subsidiaries to consummate the DIP Facility and to execute and deliver the Loan Documents; and it is further

RESOLVED, that the form, terms and provisions of the Loan Documents to be executed by the Company and its Subsidiaries, substantially in the form described or provided to the Board and the First Reserve Member, be, and the same hereby is, approved in all respects; and it is further

4836-0115-9851

RESOLVED, that the officers of the Company,  acting on behalf of the Company and each Subsidiary, are hereby granted full authority to obtain debtor in possession financing on the terms contained in the DIP Term Sheet and DIP Credit Agreement and such other ancillary agreements, documents, and instruments relating thereto and that each of the officers be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company and each Subsidiary, to execute each Loan Document in substantially the form so described or provided with such changes therein and additions thereto as the officer executing such Loan Document, as the case may be, on behalf of the Company and each Subsidiary shall approve, such execution to be conclusive proof of such approval; and that the Company and each Subsidiary is hereby authorized and directed to perform all of its obligations under the Loan Documents when so executed, to deliver each such Loan Document in accordance with its terms, and to grant the security interests set forth under the other Loan Documents; and it is further

RESOLVED, that the officers of the Company be, and each hereby is, authorized, empowered and directed, each in the name and on behalf of the Company and each Subsidiary, to execute such amendments, supplements or other modifications to any of the Loan Documents, from time to time subsequent to the effective date of the Loan Documents as such officer may deem appropriate, in such form as the person executing the same on behalf of the Company or Subsidiary, as applicable, shall approve, such execution to be conclusive proof of such approval; and that the Company and each Subsidiary is hereby authorized and directed to perform all of its obligations under such agreement when so executed; and it is further

RESOLVED, that the officers of the Company be, and each hereby is, authorized and directed, each in the name and on behalf of the Company and each Subsidiary, to take all such steps and do all such acts and things as they or any one or more of them shall deem necessary or advisable to proceed with the transactions contemplated by the foregoing resolutions and the Loan Documents, including without limitation, the signing of the Loan Documents and any and all other documents required to be signed by the Company and its Subsidiaries in connection with the Loan Documents (including, without limitation, any documents or certificates to be executed or delivered by any officer to the Lenders or Administrative Agent, or any other party to any Loan Documents, or their respective attorneys or the Company's attorneys), the execution and delivery of any necessary or appropriate agreements, instruments, certificates, affidavits, notices or other documents in connection therewith, the authorization of all financing statements, the execution and delivery of any amendments, waivers or supplements to any of the Loan Documents, the signing or endorsement of any checks or notes, the establishment of accounts, the posting of any bonds, and the payment of any fees, and from time to time to take any and all action to make, execute, verify and file all applications, certificates, documents, or other instruments and to do any and all acts and things which any one or more of them shall deem necessary, advisable or appropriate in order to carry out the intent and purpose of any and all of the foregoing resolutions; and it is further

RESOLVED, that the officers of the Company are hereby authorized and directed to, on behalf of Company and each Subsidiary, grant or reaffirm guarantees, security interests, liens and/or pledges on all of the Company and Subsidiaries' assets to secure the obligations arising under or pursuant to the Loan Documents and such other ancillary agreements, documents, and instruments relating thereto; and it is further

**Appointment of Chief Restructuring Officer**

RESOLVED, that, subject to the same terms and conditions as set forth in the May 19, 2020 engagement letter covering his appointment as Chief Restructuring Officer of Company, Mr. Barton be, and hereby is, elected as the Chief Restructuring Officer of each of the Subsidiaries, to serve until his successor shall have been duly elected and qualified, or until his earlier death, resignation, retirement, disqualification, or removal from office; and it is further

RESOLVED, that any and all authorized actions previously taken by Mr. Barton in such capacity are hereby ratified, approved, confirmed, and adopted as the actions of each of the Subsidiaries, as applicable.

**General Authorizing Resolutions**

RESOLVED, that Authorized Officer, acting on behalf of the Company and each Subsidiary, is hereby granted full authority to act in the name of and on behalf of the Company and each Subsidiary, under the Company's seal or otherwise, to make, enter into, execute, deliver and file any and all other or further agreements, documents, certificates, materials and instruments, to disburse funds of the Company and each Subsidiary, to take or cause to be taken any and all other actions, and to incur all such fees and expenses deemed to be necessary, appropriate, or advisable to carry out the purposes of the foregoing resolutions and the transactions contemplated thereunder and/or to successfully complete the Chapter 11 cases, the taking of any such action to constitute conclusive evidence of the exercise of such discretionary authority, provided; however, such authorization does not include a delegation of authority to Authorized Officer for actions that require Board approval, including, without limitation, approval and filing of plans of reorganization, or any material amendments thereto, in connection with the Chapter 11 cases; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by the Officers, Directors and/or Board to seek relief under Chapter 11 of the Bankruptcy Code or in connection with the Chapter 11 cases, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company and each Subsidiary; and it is further

RESOLVED, that Authorized Officer, acting on behalf of the Company and each Subsidiary, is authorized, empowered and directed to certify and attest any documents or materials deemed necessary, desirable, or appropriate to consummate the transactions contemplated by the foregoing resolutions, without the necessity of further approvals or consents by the Shareholders or the affixing of any seal of the Company; and it is further

RESOLVED, that all actions heretofore taken by the Company and each Subsidiary, the Officers, the individual Directors, the Board, and other authorized representative of the Company with respect to the foregoing transactions and all other matters contemplated by the foregoing resolutions that require approval by the Board are hereby in all respects, approved, adopted, ratified, and confirmed.

4836-0115-9851

This Consent may be executed in one or more counterparts, each of which shall be deemed an original and all of which, together, shall constitute one consent. All of the foregoing resolutions shall be deemed adopted simultaneously.

*Signature Page Follows*

4836-0115-9851

**IN WITNESS WHEREOF**, the undersigned have executed this Consent effective as of the date first set forth above.

**BOARD**:

_____
Gary B. Humphreys

_____
Martin W. Robertson

_____
Neil Wizel

_____
Edward Bialas

_____
Tim Probert

_____
Stephen Straty

**FIRST RESERVE MEMBER**:

FR SAND HOLDINGS LLC

By:_____
Name: Edward Bialas
Title: Vice President

**IN WITNESS WHEREOF**, the undersigned have executed this Consent effective as of the date first set forth above.

**BOARD**:

_____
Gary B. Humphreys

_____
Martin W. Robertson

_____
Neil Wizel

_____
Edward Bialas

_____
Tim Probert

_____
Stephen Straty

**FIRST RESERVE MEMBER**:

FR SAND HOLDINGS LLC

By:_____
Name: Edward Bialas
Title:  Vice President

SIGNATURE PAGE TO VISTA PROPPANTS AND LOGISTICS, LLC JOINT WRITTEN CONSENT

**IN WITNESS WHEREOF**, the undersigned have executed this Consent effective as of the date first set forth above.

**BOARD**:

_____
Gary B. Humphreys


_____
Martin W. Robertson

_____
Neil Wizel


_____
Edward Bialas


_____
Tim Probert


_____
Stephen Straty


**FIRST RESERVE MEMBER**:

FR SAND HOLDINGS LLC


By:_____
Name: Edward Bialas
Title:   Vice President

**IN WITNESS WHEREOF**, the undersigned have executed this Consent effective as of the date first set forth above.

**BOARD**:

_____
Gary B. Humphreys

_____
Martin W. Robertson

_____
Neil Wizel

_____
Edward Bialas

_____
Tim Probert

_____
Stephen Straty

**FIRST RESERVE MEMBER**:

FR SAND HOLDINGS LLC

By:_____
Name: Edward Bialas
Title:   Vice President

**IN WITNESS WHEREOF**, the undersigned have executed this Consent effective as of the date first set forth above.

**BOARD**:

_____

Gary B. Humphreys

_____

Martin W. Robertson

_____

Neil Wizel

_____

Edward Bialas

_____

Tim Probert

_____

Stephen Straty

**MEMBER**:

**FIRST RESERVE**

FR SAND HOLDINGS LLC

By:_____

**IN WITNESS WHEREOF**, the undersigned have executed this Consent effective as of the date first set forth above.

**BOARD**:

_____
Gary B. Humphreys

_____
Martin W. Robertson

_____
Neil Wizel

_____
Edward Bialas

_____
Tim Probert

_____
Stephen Straty

**FIRST RESERVE MEMBER**:

FR SAND HOLDINGS LLC

By:_____
Name: Edward Bialas
Title:  Vice President

SIGNATURE PAGE TO VISTA PROPPANTS AND LOGISTICS, LLC JOINT WRITTEN CONSENT

4836-0115-9851

<table>
<tr><td colspan="2" style="background:black;color:white">Fill in this information to identify the case:</td></tr>
<tr><td>Debtor name</td><td>Vista Proppants and Logistics, LLC</td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the: Northern District of Texas</td></tr>
<tr><td colspan="2">Case number (If known): _____</td></tr>
</table>

☐ Check if this is an amended filing

**Official Form 204**

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 Piper Jaffray & Co<br>609 Main St<br>#3800<br>Houston, TX 77002 | Attn: Sanjiv Shah<br>Title: Managing Director<br>Phone: 713-546-7336<br>Email: sanjiv.shah@simmonspsc.com | Professional Services | | | | $ 382,872 |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | **Vista Proppants and Logistics, LLC** |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF TEXAS |
| Case number (if known) | _____ |

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

| | | |
|---|---|---|
| Executed on | **June  9, 2020** | X /s/ Gary Barton |
| | | Signature of individual signing on behalf of debtor |
| | | **Gary Barton** |
| | | Printed name |
| | | **Chief Restructuring Officer** |
| | | Position or relationship to debtor |

Official Form 202                    **Declaration Under Penalty of Perjury for Non-Individual Debtors**

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| VISTA PROPPANTS AND LOGISTICS, LLC, | § | Case No. _____ |
| | § | |
| | § | |
| Debtor. | § | |

**LIST OF EQUITY SECURITY HOLDERS**

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, Vista

Proppants and Logistics, LLC hereby provides the following list of holders of equity interests:

| Name and Address of Interest Holder | Percentage of Interests Held |
|---|---|
| Lonestar Prospects Holding Company, L.L.C.<br>c/o Gary Humphreys and Martin Robertson<br>4413 Carey Street<br>Fort Worth, TX 76119 | 52.79% Membership Interest |
| FR Sand Holdings LLC<br>c/o First Reserve Advisors, L.L.C.<br>One Lafayette Place<br>Greenwich, Connecticut 06830 | 30.60% Membership Interest |
| M&J Partnership, Ltd.<br>c/o Gary Humphreys and Martin Robertson<br>4413 Carey Street<br>Fort Worth, TX 76119 | 6.31% Membership Interest |
| Future New Deal, Ltd.<br>c/o Gary Humphreys and Martin Robertson<br>4413 Carey Street<br>Fort Worth, TX 76119 | 6.31% Membership Interest |
| ARCC VS Corp.<br>c/o Ares Capital Corporation<br>245 Park Avenue, 44th Floor<br>New York, NY 10167<br>Attn: General Counsel | 1.77% Membership Interest |

| | |
|---|---|
| Gary Humphreys<br>4413 Carey Street<br>Fort Worth, TX 76119 | 1.06% Membership Interest |
| Martin Robertson<br>4413 Carey Street<br>Fort Worth, TX 76119 | 1.06% Membership Interest |
| Ares ND Credit Strategies Fund LLC<br>c/o Ares Capital Corporation<br>245 Park Avenue, 44th Floor<br>New York, NY 10167<br>Attn: General Counsel | 0.05% Membership Interest |
| Tim Probert<br>c/o First Reserve Advisors, L.L.C.<br>One Lafayette Place<br>Greenwich, Connecticut 06830 | 0.05% Membership Interest |
| Ares Credit Strategies<br>c/o Ares Capital Corporation<br>245 Park Avenue, 44th Floor<br>New York, NY 10167<br>Attn: General Counsel | 0.01% Membership Interest |
| Ares Jasper Fund, L.P.<br>c/o Ares Capital Corporation<br>245 Park Avenue, 44th Floor<br>New York, NY 10167<br>Attn: General Counsel | 0.00%<br>(Less than .01%) |
| GHMR Operations, L.L.C.<br>c/o Gary Humphreys and Martin Robertson<br>4413 Carey Street<br>Fort Worth, TX 76119 | Series A |

**VISTA PROPPANTS AND LOGISTICS, LLC**

By:   /s/ Gary Barton
Gary Barton
Chief Restructuring Officer

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| VISTA PROPPANTS AND LOGISTICS, | § | Case No. _____ |
| LLC, | § | |
| | § | |
| Debtor. | § | |

## STATEMENT OF CORPORATE OWNERSHIP

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure,

the undersigned authorized officer of Vista Proppants and Logistics, LLC certifies that the

following corporate entities/individuals own more than 10% of the Debtor's equity interest.

| Shareholder | Percentage of Total Shares |
|---|---|
| Lonestar Prospects Holding Company, L.L.C. c/o Gary Humphreys and Martin Robertson 4413 Carey Street Fort Worth, TX 76119 | 52.79% Membership Interest |
| FR Sand Holdings LLC c/o First Reserve Advisors, L.L.C. One Lafayette Place Greenwich, Connecticut 06830 | 30.60% Membership Interest |

**VISTA PROPPANTS AND LOGISTICS, LLC**

By: ____/s/ Gary Barton_____
Gary Barton
Chief Restructuring Officer