Stephen M. Pezanosky
State Bar No. 15881850
Ian T. Peck
State Bar No. 24013306
David L. Staab
State Bar No. 24093194
HAYNES AND BOONE, LLP
301 Commerce Street, Suite 2600
Fort Worth, TX 76102
Telephone: 817.347.6600
Facsimile: 817.347.6650
Email: stephen.pezanosky@haynesboone.com
Email: ian.peck@haynesboone.com
Email: david.staab@haynesboone.com

**PROPOSED ATTORNEYS FOR DEBTORS**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Vista Proppants and Logistics, LLC, et al.,[1] | § | Case No. 20-42002-ELM-11 |
| | § | |
| Debtors. | § | Joint Administration Requested |

### DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER
### (I) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED
### LIST OF CREDITORS AND (II) MAIL INITIAL NOTICES

Vista Proppants and Logistics, LLC and its debtor affiliates, as debtors and debtors-in-

possession in the above-referenced chapter 11 cases (collectively, the "Debtors") hereby file this

*Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to File a*

*Consolidated List of Creditors and (II) Mail Initial Notices* (the "Motion"). In support of the

Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Vista Proppants and Logistics, LLC (7817) ("Vista OpCo"); VPROP Operating, LLC (0269) ("VPROP"); Lonestar Prospects Management, L.L.C. (8451) ("Lonestar Management"); MAALT Specialized Bulk, LLC (2001) ("Bulk"); Denetz Logistics, LLC (8177) ("Denetz"); Lonestar Prospects, Ltd. (4483) ("Lonestar Ltd."); and MAALT, LP (5198) ("MAALT"). The location of the Debtors' service address is 4413 Carey Street, Fort Worth, TX 76119-4219.

**Jurisdiction and Venue**

1.      The United States District Court for the Northern District of Texas (the "District Court") has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334. The District Court's jurisdiction has been referred to this Court pursuant to 28 U.S.C. § 157 and the District Court's Miscellaneous Order No. 33, *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984. This is a core matter pursuant to 28 U.S.C. § 157(b), which may be heard and finally determined by this Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2.      On June 9, 2020 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing the above captioned cases (the "Chapter 11 Cases"). The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

3.      An official committee of unsecured creditors has yet to be appointed in these Chapter 11 Cases. Further, no trustee or examiner has been requested or appointed in these Chapter 11 Cases.

4.      A detailed description of the Debtors and their businesses, and the facts and circumstances supporting the Motion and the Debtors' Chapter 11 Cases are set forth in greater detail in the *Declaration of Kristin Whitley in Support of the Debtors' Chapter 11 Petitions and First Day Motions* and the *Declaration of Gary Barton in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (collectively, the "First Day Declarations"), which were filed on the Petition Date and are incorporated by reference in this Motion.

**Relief Requested**

5.     The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing them to (a) prepare a consolidated list of creditors and (b) mail initial notices.

**Basis for Relief Requested**

**A.     Consolidated Creditor Matrix**

6.     Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H . . . ." FED. R. BANKR. P. 1007(a)(1). In complex chapter 11 bankruptcy cases filed in the Northern District of Texas, debtors may file a consolidated creditor matrix. *See* Exhibit G to the *Procedures for Complex Chapter 11 Bankruptcy Cases for the United States Bankruptcy Court for the Northern District of Texas*. Because the preparation of separate lists of creditors for each Debtor would be expensive, time consuming, and administratively burdensome, the Debtors respectfully request authority to file one Consolidated Creditor Matrix for all Debtors.

**B.     Service of Notice of Commencement**

7.     Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of: (1) the meeting of creditors under § 341 or § 1104(b) of the Code . . . ." FED. R. BANKR. P. 2002(a). Subsection (f) provides that notice of the order for relief shall be sent by mail to all creditors. FED. R. BANKR. P. 2002(f).

8.     Through KCC, the Debtors' proposed noticing and claims agent, the Debtors propose to serve the Notice of Commencement substantially in the form annexed to the Proposed Order as **Exhibit 1** on all parties entitled to such notice and, at the same time, to advise them of the section 341 meeting. Service of a single Notice of Commencement will not only avoid

confusion among creditors, but will also prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Consolidated Creditor Matrix if required to service an individual Notice of Commencement for each Debtor. Accordingly, the Debtors submit that service of a single Notice of Commencement is warranted.

9.      Additionally, the Debtors have tailored the proposed Notice of Commencement to include contact information for the Debtors' proposed noticing and claims agent in an effort to reduce the number of inquiries directed to the Clerk's Office.

10.      Courts in this District and in other jurisdictions have granted similar relief to the relief requested herein. *See, e.g.*, *In re SAS Healthcare, Inc.,* Case No. 19-40401 (Bankr. N.D. Tex. Feb. 6, 2019) (Docket No. 46); *In re A'GACI, L.L.C.,* Case No. 18-50049 (Bankr. W.D. Tex. Jan. 11, 2018 (Docket No. 48); *In re Memorial Prod. Partners LP*, Case No. 17-30262 (MI) (Bankr. S.D. Tex. Jan. 17, 2017) (Docket No. 66); *In re Erickson Inc.,* Case No. 16-34393 (Bankr. N.D. Tex. November 10, 2016) (Docket No. 50); *In re Sandridge Energy, Inc.,* Case No. 16-32488 (DRJ) (Bankr. S.D. Tex. May 18, 2016) (Docket No. 88).

## Notice

11.      Notice of this Motion will be provided to: (i) the Office of the United States Trustee; (ii) the Debtors' secured creditors; (iii) any party whose interests are directly affected by this specific pleading; (iv) those persons who have formally appeared and requested notice and service in these proceedings pursuant to Bankruptcy Rules 2002 and 3017; (v) counsel for Ares Capital Corporation; (vi) counsel for any official committees appointed by this Court; (vii) the 20 largest unsecured creditors of each of the Debtors; and (viii) all governmental agencies having a regulatory or statutory interest in these cases (collectively, the "Notice Parties"). Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested

herein, the Debtors respectfully submit that no further notice is required.

**WHEREFORE**, based on the foregoing, the Debtors respectfully request that the Court

(i) grant the Motion, and (ii) grant such other and further relief as is just and proper.

RESPECTFULLY SUBMITTED this 9th day of June, 2020.

**HAYNES AND BOONE, LLP**

By: */s/ David L. Staab*

Stephen M. Pezanosky
State Bar No. 15881850
Ian T. Peck
State Bar No. 24013306
David L. Staab
State Bar No. 24093194
301 Commerce Street, Suite 2600
Fort Worth, TX 76102
Telephone: 817.347.6600
Facsimile: 817.347.6650
Email: stephen.pezanosky@haynesboone.com
Email: ian.peck@haynesboone.com
Email: david.staab@haynesboone.com

**PROPOSED ATTORNEYS FOR DEBTORS**

**<u>EXHIBIT A</u>**

**PROPOSED ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Vista Proppants and Logistics, LLC, et al.,[1] | § | Case No. 20-42002-ELM-11 |
| | § | |
| Debtors. | § | Jointly Administered |

**ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR
ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO FILE A
CONSOLIDATED LIST OF CREDITORS AND (II) MAIL INITIAL NOTICES**

Upon the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors*

*to File a Consolidated List of Creditors and (II) Mail Initial Notices* (the "Motion")[2] of Vista

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Vista Proppants and Logistics, LLC (7817) ("Vista OpCo"); VPROP Operating, LLC (0269) ("VPROP"); Lonestar Prospects Management, L.L.C. (8451) ("Lonestar Management"); MAALT Specialized Bulk, LLC (2001) ("Bulk"); Denetz Logistics, LLC (8177) ("Denetz"); Lonestar Prospects, Ltd. (4483) ("Lonestar Ltd."); and MAALT, LP (5198) ("MAALT"). The location of the Debtors' service address is 4413 Carey Street, Fort Worth, TX 76119-4219.

[2] Capitalized terms not otherwise defined herein shall have the meaning assigned to them in the Motion.

Proppants and Logistics, LLC, *et al.* (collectively, the "<u>Debtors</u>"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc*, Miscellaneous Rule No. 33 (N.D. Tex. August 3, 1984); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing on the Motion; and all objections, if any, to the Motion have been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors are authorized to file a Consolidated Creditor Matrix.

3.      The Debtors are authorized to serve the Notice of Commencement, substantially in the form annexed as **<u>Exhibit 1</u>** to this Order, not later than the date that is 3 business days after the date this Order is entered, to all parties identified on the Debtors' list of creditors. Service of the Notice of Commencement shall be deemed adequate and sufficient notice of (i) the commencement of the Debtors' Chapter 11 Cases and (ii) the scheduling of the 341 meeting.

4.      The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

### # # #  END OF ORDER  # # #

**Submitted by:**

**HAYNES AND BOONE, LLP**
Stephen M. Pezanosky
State Bar No. 15881850
Ian T. Peck
State Bar No. 24013306
David L. Staab
State Bar No. 24093194
301 Commerce Street, Suite 2600
Fort Worth, TX 76102
Telephone: 817.347.6600
Facsimile: 817.347.6650
Email: stephen.pezanosky@haynesboone.com
Email: ian.peck@haynesboone.com
Email: david.staab@haynesboone.com

**PROPOSED ATTORNEYS FOR DEBTORS**

**EXHIBIT 1**

**NOTICE OF COMMENCEMENT**

---

Information to identify the case:

Debtor    <u>Vista Proppants and Logistics, LLC, *et al.*</u>          EIN:   <u>82-9797817</u>
       Name

United States Bankruptcy Court for the:   <u>Northern</u>     District of <u>Texas</u>     Date case filed for chapter 11   <u>06/09/2020</u>
                                                      (State)                          MM / DD / YYYY

Case number:     <u>20-42002-ELM-11, Jointly Administered</u>

---

<u>Official Form 309F (For Corporations of Partnerships)</u>

## Notice of Chapter 11 Bankruptcy Case        12/17

**For the debtors listed above, cases have been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the cases for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the cases imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from the debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the cases may be inspected on the website created by KCC, the Claims and Noticing Agent for these chapter 11 cases at http://www.kccllc.net/vista, the bankruptcy clerk's office at the address listed below, or through PACER (Public Access to Court Electronic Records at www.pacer.gov). Telephonic inquiries may be directed to KCC at 866-475-7847.

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

| | | | |
|---|---|---|---|
| **1.** | **Debtors' full names:** | | |
| | Vista Proppants and Logistics, LLC | EIN: 82-0797817 | Case No. 20-42002-elm11 |
| | VPROP Operating, LLC. | EIN: 82-3200269 | Case No. 20-42003-elm11 |
| | Lonestar Prospects Management, L.L.C. | EIN: 47-4638451 | Case No. 20-42004-mxm11 |
| | MAALT Specialized Bulk, LLC | EIN: 45-2732001 | Case No. 20-42005-elm11 |
| | Denetz Logistics, LLC | EIN: 20-2468177 | Case No. 20-42007-mxm11 |
| | Lonestar Prospects, Ltd. | EIN: 45-1484483 | Case No. 20-42006-mxm11 |
| | MAALT, LP | EIN: 2901485198 | Case No. 20-42008-elm11 |
| **2.** | **All other names used in the last 8 years** | | |
| | Oilfield Sands Holdings, LLC; Vista Sand, Ltd.; Lonestar Prospects, LLC | | |
| **3.** | **Address Applicable to all Debtors** | | |
| | 4413 Carey Street<br>Fort Worth, Texas 76119-4219 | | |
| **4.** | **Debtors' attorney** | | |
| | HAYNES AND BOONE, LLP<br>301 Commerce Street, Suite 2600<br>Fort Worth, Texas 76102<br>Telephone: 817.347.6600<br>Facsimile:  817.347.6650 | | Stephen M. Pezanosky (15881850)<br>Ian T. Peck (24013306)<br>David L. Staab (24093194)<br>Email: stephen.pezanosky@haynesboone.com<br>        ian.peck@haynesboone.com<br>        david.staab@haynesboone.com |

| Information to identify the case: | | |
|---|---|---|
| **5.** **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at www.pacer.gov. | 501 W. Tenth Street<br>Fort Worth, Texas 76102 | **Hours Open:** Mon.-Fri. 8:30 -4:30 (CT)<br><br>**Contact phone:** Please contact KCC, the court-appointed claims agent by calling 866-475-7847 (toll-free) |
| **6.** **Meeting of creditors**<br>The debtors' representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so. | **August 7, 2020**<br><br>**BY TELEPHONE**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Trustee:  **United States Trustee**<br><br>Toll free number:  **866-818-4670**<br><br>Alternate number:  **203-480-2179**<br><br>Participant Code:  **3304120** |

| | |
|---|---|
| **7.** **Proof of claim deadline**<br><br>**You may file your claim by mail, overnight courier or hand delivery to:**<br>Vista Claims Processing Center<br>C/O KCC<br>222 N. Pacific Coast Highway<br>Suite 300<br>El Segundo, CA 90245<br><br>**Or you may file your claim electronically with KCC, the claims agent, at the following website:**<br>**http://www.kccllc.net/vista** | Deadline for filing proof of claim:<br><br>For all creditors (except a governmental unit):<br><br>For a governmental unit:<br><br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov, any bankruptcy clerk's office, or on the case website at http://www.kccllc.net/vista.<br><br>Your claim will be allowed in the amount scheduled unless:<br>  ▪ your claim is designated as *disputed*, *contingent*, or *unliquidated*;<br>  ▪ you file a proof of claim in a different amount; or<br>  ▪ you receive another notice.<br><br>If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.<br><br>You may review the schedules at the bankruptcy clerk's office, the case website at http://www.kccllc.net/vista or online at www.pacer.gov<br><br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim.  Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain.  For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. |
| **8.** **Exception to discharge deadline**<br><br>The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below<br><br>**Deadline for filing the complaint:** |
| **9.** **Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| **10.** **Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |
| **11.** **Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |

## <u>INFORMATION FOR THE TELEPHONIC § 341 MEETING OF CREDITORS</u>

Because of developing issues with the COVID−19 virus and the national declaration of emergency by the President of the United States, § 341 Meetings of Creditors ("<u>Meetings</u>") will be conducted telephonically. The telephone call in numbers and participant code are found on the enclosed Notice.

**<u>Additional Dial−In Information:</u>**

(1) You must use a touch−tone phone to participate.

(2) **<u>Landline preferred</u>**. If you have a choice, use a landline phone, instead of a cell phone. Do not use a speaker phone.

(3) Dial the call−in number and then enter the participant code, which consists of 7 numbers and is followed by a # sign. Immediately place your phone on mute.

(4) Make the call from a quiet area where there is as little background noise as possible.

(5) As more than one Meeting may be held during this period, listen for your case to be called. When your case is called, unmute your phone and identify yourself.

(6) When speaking during your case, identify yourself.

(7) Do not put the phone on hold at any time after the call is connected.

(8) If any party is attending the Meeting from the same location as another party, use separate touch−tone phones to participate.

(9) Once the case Meeting is finished, hang up.

(10) If you become disconnected before your Meeting is finished, call back.

**<u>Bankruptcy Documents:</u>**

Debtors should have their bankruptcy documents available in the event there are questions about the information in the documents.

**<u>Recording:</u>** The Meetings will be recorded by the trustee or United States Trustee.