Stephen M. Pezanosky
State Bar No. 15881850
Matthew T. Ferris
State Bar No. 24045870
David L. Staab
State Bar No. 24093194
HAYNES AND BOONE, LLP
301 Commerce Street, Suite 2600
Fort Worth, TX 76102
Telephone: 817.347.6600
Facsimile:  817.347.6650
Email: stephen.pezanosky@haynesboone.com
Email: matt.ferris@haynesboone.com
Email: david.staab@haynesboone.com

**PROPOSED ATTORNEYS FOR DEBTORS**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Vista Proppants and Logistics, LLC, et al.,[1] | § | Case No. 20-42002-ELM-11 |
| | § | |
| Debtors. | § | Jointly Administered |

## DEBTORS' MOTION FOR
## PROTECTIVE ORDER AND MOTION TO QUASH

Vista Proppants and Logistics, LLC and its debtor affiliates, as debtors and debtors-in-possession in the above-referenced chapter 11 cases (collectively, the "Debtors") hereby file this *Debtors' Motion for Protective Order and Motion to Quash* (the "Motion"). In support of the Motion, the Debtors respectfully state as follows:

### Jurisdiction and Venue

1.     The United States District Court for the Northern District of Texas (the "District Court") has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334. The

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Vista Proppants and Logistics, LLC (7817) ("Vista HoldCo"); VPROP Operating, LLC (0269) ("VPROP"); Lonestar Prospects Management, L.L.C. (8451) ("Lonestar Management"); MAALT Specialized Bulk, LLC (2001) ("Bulk"); Denetz Logistics, LLC (8177) ("Denetz"); Lonestar Prospects, Ltd. (4483) ("Lonestar Ltd."); and MAALT, LP (5198) ("MAALT"). The location of the Debtors' service address is 4413 Carey Street, Fort Worth, TX 76119-4219.

District Court's jurisdiction has been referred to this Court pursuant to 28 U.S.C. § 157 and the District Court's Miscellaneous Order No. 33, *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984. This is a core matter pursuant to 28 U.S.C. § 157(b), which may be heard and finally determined by this Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### **Background**

2.      On June 9, 2020 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing the above captioned cases (the "Chapter 11 Cases"). The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

3.      A detailed description of the Debtors and their businesses, and the facts and circumstances supporting the Motion and the Debtors' Chapter 11 Cases are set forth in greater detail in the *Declaration of Kristin Whitley in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "Whitley Declaration") and the *Declaration of Gary Barton in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "Barton Declaration" and together with the Whitley Declaration, the "First Day Declarations"), which were filed on June 10, 2020, and are incorporated by reference in this Motion.

4.      On June 10, 2020, the Debtors filed the *Debtors' Emergency Motion for Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(c), 363(e), 364(c), 364(d)(1), and 364(e) and (B) Utilize Cash Collateral of Prepetition Secured Entities, (II) Granting Adequate Protection to Prepetition Secured Entities, (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and*

*4001(c), and (IV) Granting Related Relief* [Dkt. 31] (the "DIP Motion").

5.      On June 12, 2020, the Court entered the *Interim Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(c), 363(e), 364(c), 364(d)(1), and 364(e) and (B) Utilize Cash Collateral of Prepetition Secured Entities, (II) Granting Adequate Protection to Prepetition Secured Entities, (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and 4001(c), and (IV) Granting Related Relief* [Dkt. 67] (the "Interim DIP Order").

6.      Pursuant to the Interim DIP Order, the Court scheduled a final hearing to consider the relief requested in the DIP Motion on a final basis (the "Final DIP Hearing") to be held on July 6, 2020 and set an objection deadline of July 1, 2020, at 5:00 p.m. Central Time (the "Original DIP Objection Deadline").

7.      On June 23, 2020, an official committee of unsecured creditors (the "Committee") was appointed in these Chapter 11 Cases. No trustee or examiner has been requested or appointed in these Chapter 11 Cases.

8.      Shortly after the Committee was formed, the Debtors' counsel provided the Committee's counsel with a copy of the transcript of the first day hearing held in the Chapter 11 Cases, which included the testimony of the Debtors' Chief Restructuring Officer, Gary Barton ("Barton"). The Debtors have promptly responded to the Committee's various information requests by providing the Committee with hundreds of pages of responsive documents. Additionally, Barton and the Debtors' officers and professionals have made themselves available to respond to any questions that the Committee or its professionals might have. The Debtors' offers to answer any such questions have largely gone ignored.

9.      At the request of the Committee, the Debtors agreed to extend the Original DIP

Objection Deadline and to continue the Final DIP Hearing. The Final DIP Hearing is scheduled for July 9, 2020 at 1:30 p.m.

### The Discovery Requests

10.     On July 3, 2020, the Committee filed an objection [Dkt. 157] to the DIP Motion (the "Committee DIP Objection").

11.     On July 7, 2020, at approximately 5:00 p.m. Central Time—four days after the Committee DIP Objection and less than forty-eight hours before the Final DIP Hearing—counsel for the Committee informally notified counsel for the Debtors that the Committee intended to depose Barton the following afternoon. Debtors' counsel sought to avoid the time and expense of any such deposition by offering to get Barton on a telephone call immediately to answer any questions that the Committee might have. The Committee again declined the offer for Barton to answer any of their questions informally on the telephone on the basis that counsel for the Committee would not have a transcript with which to impeach Barton (which presumes without any basis that Barton would provide conflicting testimony at the Final DIP Hearing).

12.     At 8:17 p.m. on July 7, 2020, the Committee issued the *Notice of Deposition of Gary Barton* (the "Deposition Notice"). A copy of the Deposition Notice is attached to this Motion as **Exhibit B**.

13.     In the Deposition Notice, the Committee states:

PLEASE TAKE NOTICE that pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable in bankruptcy cases pursuant to Rules 7030 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the undersigned proposed counsel to the Official Committee of Unsecured Creditors appointed in the above captioned cases (the "Committee") will take the deposition upon oral examination of Gary Barton in connection with the scheduled hearing to approve a Final DIP Order. The deposition will take place on July 8, 2020 at 2:00 p.m. (CT), or at some other time mutually agreed upon by the parties, via videoconference. The deposition will be recorded stenographically. In addition, the Committee reserves the right to record the testimony by audio or

video means. The deposition will be taken for purposes of discovery, preservation of testimony, and any other purposes permitted by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Federal Rules of Evidence, or other applicable law.

## Relief Requested

14.     By this Motion, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto as **Exhibit A** (the "Order") protecting the Debtors from the Deposition Notice and quashing the Deposition Notice.

## Basis for Relief Requested

### A.     Standards for Issuance of a Protective Order

15.     Rule 26(c) of the Federal Rules of Civil Procedure, as made applicable to this contested matter by Federal Rules of Bankruptcy Procedure 7026 and 9014, provides that the court may, for good cause, issue a protective order on request of a party from whom discovery is sought. Fed. R. Civ. P. 26(c); *see also Skyport Global Commc'ns, Inc. v. Intelsat Corp. (In re Skyport Global Commc'ns, Inc.)*, 408 B.R. 687, 691 (Bankr. S.D. Tex. 2009) ("'[T]he decision whether to grant or deny a request for a protective order is entrusted to the district court's sound discretion.'") (quoting *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 n.27 (5th Cir. 1999)).

16.     The Court may impose limits on discovery, including "forbidding" the requested discovery to prevent duplicative, unnecessary or inefficient requests, and "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). *See also Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 28 F.3d 1388, 1394 (5th Cir. 1994) (affirming district court's grant of protective order concerning overly broad requests that would subject defendant to "undue burden, expense, and annoyance"); *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990) ("[D]iscovery is

not justified when cost and inconvenience will be the sole result.").

17.    Federal Rule of Civil Procedure 45, as made applicable to this contested matter by Rule 9016 of the Federal Rules of Bankruptcy Procedure, provides that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply…or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

18.    Federal Rule of Civil Procedure 45(a)(3) provides that an attorney may issue and sign a subpoena if the attorney is authorized to practice in the issuing court. Here, the Deposition Notice acts as a subpoena. "A subpoena commanding attendance at a deposition must state the method for recording testimony." Fed. R. Civ. P. 45(a)(1)(B). Additionally, "[s]erving a subpoena requires delivering a copy to the named person" by any person who is at least 18 years old and not a party. Fed. R. Civ. P. 45(b).

19.    Further, Federal Rule of Civil Procedure 30, as made applicable to this contested matter by Rule 7030 of the Federal Rules of Bankruptcy Procedure, provides that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). The notice "must state the time and place of the deposition and, if known, the deponent's name and address." *Id.* In addition, "[t]he party who notices the deposition must state in the notice the method for recording the testimony." Fed. R. Civ. P. 30(b)(3).

20.    With regard to deposition by remote means, "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4).

**B.    Good Cause Exists to Protect the Debtors from the Deposition Notice and Quash the Deposition**

21.    Good cause exists to enter a protective order related to the Deposition Notice

because (i) the Committee failed to provide the Debtors with sufficient notice of the deposition by issuing the Deposition Notice less than twenty hours before the time of the requested deposition, and (ii) the Deposition Notice is facially deficient under the applicable Federal Rules of Bankruptcy Procedure and Federal Rules of Civil Procedure.

### *(i) Insufficient Notice*

22.     As set forth above, the Debtors are entitled to reasonable notice of a deposition and a reasonable time to comply. *See* Fed. R. Civ. P. 30(b)(1), 45(d)(3)(A). The Debtors first received an informal request for deposition at approximately 5:00 p.m. Central Time on July 7, 2020, and the Deposition Notice was transmitted by e-mail at 8:17 p.m. Central Time the same day. Requesting a remote deposition on less than 24 hours' notice is patently unreasonable notice.

23.     The DIP Motion was filed on June 10, 2020. The DIP Motion is supported by the Barton Declaration, which was also filed on June 10, 2020. The Committee has been aware of the DIP Motion and the Barton Declaration since it was formed on June 23, 2020. Shortly after the Committee was formed, the Debtors have provided the Committee with, among other things, a copy of the transcript of the first day hearing held in the Chapter 11 Cases, which included Barton's testimony. The Debtors have promptly responded to the Committee's information requests by providing the Committee with hundreds of pages of documents in response to data requests. Additionally, Barton and the Debtors' officers and professionals have made themselves available to respond to questions that the Committee or its professionals might have.

24.     Here, the Committee has made an 11th hour request for a remote video deposition on less than twenty-four hours' notice, with such requested deposition to take place less than twenty-four hours before the Final DIP Hearing. The Committee has not provided any reasonable basis for requiring Barton's deposition at all, let alone on such short notice. Indeed, if the

Committee truly felt that it needed to depose Barton prior to the Final DIP Hearing, it had ample opportunity to do so on more normalized and reasonable notice over the course of the past 2 weeks. The Debtors can only surmise that the Committee decided late in the afternoon on July 7, 2020, to notice Barton's deposition in an attempt to harass the Debtors at a time when the Debtors are preparing for the Final DIP Hearing and attempting resolve as many issues relating thereto as possible. The Debtors have not been provided with sufficient notice of the deposition requested in the Deposition Notice and cause exists to protect the Debtors from the Deposition Notice and to quash the Deposition Notice.

### *(ii) The Deposition Notice is Facially and Procedurally Deficient*

25.     In the Deposition Notice, the Committee failed to provide the place of the deposition, as required by Federal Rule of Civil Procedure 30(b)(1). The Deposition Notice merely provides that "[t]he deposition will take place on July 8, 2020 at 2:00 p.m. (CT), or at some other time mutually agreed upon by the parties, via videoconference."

26.     Moreover, the Debtors have not stipulated to deposition by remote means. As such, the Committee is required to file a motion and obtain court approval to conduct the deposition by videoconference. Fed. R. Civ. P. 30(b)(4). The Committee has not sought and obtained such approval.

27.     Finally, in the Deposition Notice, the Committee failed to "describe with reasonable particularity the matters for examination." *See* Fed. R. Civ. P. 30(b)(6). Instead, the Deposition Notice merely provides that the deposition is "in connection with the scheduled hearing to approve a Final DIP Order" and "will be taken for purposes of discovery, preservation of testimony, and any other purposes permitted by the Federal Rules of Civil Procedure, the Federal Rules of

Bankruptcy Procedure, the Federal Rules of Evidence, or other applicable law." As such, the Deposition Notice does not contain a sufficient description of the matters for examination.

## Notice

28.     Notice of this Motion will be provided to the parties listed on the Debtors' service list in accordance with the *Order Granting Complex Chapter 11 Bankruptcy Case Treatment* (collectively, the "Notice Parties").

WHEREFORE, the Debtors respectfully request that the Court (i) grant the Motion and (ii) grant such other and further relief as is just and proper.

RESPECTFULLY SUBMITTED this 8th day of July, 2020.

**HAYNES AND BOONE, LLP**

By: */s/ Stephen M. Pezanosky*
Stephen M. Pezanosky
State Bar No. 15881850
Matthew T. Ferris
State Bar No. 24045870
David L. Staab
State Bar No. 24093194
301 Commerce Street, Suite 2600
Fort Worth, TX 76102
Telephone: 817.347.6600
Facsimile:  817.347.6650
Email: stephen.pezanosky@haynesboone.com
Email: matt.ferris@haynesboone.com
Email: david.staab@haynesboone.com

**PROPOSED ATTORNEYS FOR DEBTORS**

## <u>CERTIFICATE OF CONFERENCE</u>

On July 8, 2020, counsel for the Debtors and counsel for the Committee conferred on the relief sought in this Motion. Counsel have not been able to resolve those matters presented.

Certified to this 8th day of July 2020

/s/ Stephen M. Pezanosky
Stephen M. Pezanosky

## EXHIBIT A

**PROPOSED ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Vista Proppants and Logistics, LLC, et al.,[1] | § | Case No. 20-42002-ELM-11 |
| | § | |
| Debtors. | § | Jointly Administered |

**ORDER GRANTING DEBTORS' MOTION FOR
PROTECTIVE ORDER AND MOTION TO QUASH**

Upon the *Debtors' Motion for Protective Order and Motion to Quash* (the "Motion")[2], of

Vista Proppants and Logistics, LLC, *et al.* (collectively, the "Debtors"); and the Court having

jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Vista Proppants and Logistics, LLC (7817) ("Vista HoldCo"); VPROP Operating, LLC (0269) ("VPROP"); Lonestar Prospects Management, L.L.C. (8451) ("Lonestar Management"); MAALT Specialized Bulk, LLC (2001) ("Bulk"); Denetz Logistics, LLC (8177) ("Denetz"); Lonestar Prospects, Ltd. (4483) ("Lonestar Ltd."); and MAALT, LP (5198) ("MAALT"). The location of the Debtors' service address is 4413 Carey Street, Fort Worth, TX 76119-4219.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4812-1008-5826

and 1334, and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc*, Miscellaneous Rule No. 33 (N.D. Tex. August 3, 1984); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and all objections, if any, to the Motion have been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

Therefore,

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is GRANTED as set forth herein.

2.    The Debtors and Gary Barton are not required to respond to the Committee's Deposition Notice or appear at the deposition referenced in the Deposition Notice.

3.    The Deposition Notice is hereby quashed.

### #   END OF ORDER   # # #

**Submitted by:**

Stephen M. Pezanosky
State Bar No. 15881850
Matthew T. Ferris
State Bar No. 24045870
David L. Staab
State Bar No. 24093194
**HAYNES AND BOONE, LLP**
301 Commerce Street, Suite 2600
Fort Worth, TX 76102
Telephone: 817.347.6600
Facsimile:  817.347.6650
Email: stephen.pezanosky@haynesboone.com
Email: matt.ferris@haynesboone.com
Email: david.staab@haynesboone.com

**PROPOSED ATTORNEYS FOR DEBTORS**

## **Exhibit B**

**Deposition Notice**

4812-1008-5826

Patrick J. Carew
**KILPATRICK TOWNSEND & STOCKTON
LLP**
State Bar No. 24031919
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Telephone: (214) 922-7155
Facsimile: (214) 279-5178
Email: pcarew@kilpatricktownsend.com

*Proposed Counsel for the Official Committee of
Unsecured Creditors*

Todd C. Meyers (admitted *pro hac vice*)
David M. Posner (admitted *pro hac vice*)
Kelly E. Moynihan (admitted *pro hac vice*)
**KILPATRICK TOWNSEND & STOCKTON
LLP**
The Grace Building
1114 Avenue of the Americas
Telephone: (212) 775-8700
Facsimile: (212) 775-8800
Email: tmeyers@kilpatricktownsend.com
          dposner@kilpatricktownsend.com
          kmoynihan@kilpatricktownsend.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| VISTA PROPPANTS AND LOGISTICS, LLC, et al., | § | Case No. 20-42002-elm11 |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

## <u>NOTICE OF DEPOSITION OF GARY BARTON</u>

**PLEASE TAKE NOTICE** that pursuant to Rules 30 and 45 of the Federal Rules of Civil

Procedure (the "Federal Rules"), made applicable in bankruptcy cases pursuant to Rules 7030 and

9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the undersigned

proposed counsel to the Official Committee of Unsecured Creditors appointed in the above-

captioned cases (the "Committee") will take the deposition upon oral examination of Gary Barton

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Vista Proppants and Logistics, LLC (7817) ("Vista OpCo"); VPROP Operating, LLC (0269) ("VPROP"); Lonestar Prospects Management, L.L.C. (8451) ("Lonestar Management"); MAALT Specialized Bulk, LLC (2001) ("Bulk"); Denetz Logistics, LLC (8177) ("Denetz"); Lonestar Prospects, Ltd. (4483) ("Lonestar Ltd."); and MAALT, LP (5198) ("MAALT"). The location of the Debtors' service address is 4413 Carey Street, Fort Worth, TX 76119-4219.

in connection with the scheduled hearing to approve a Final DIP Order. The deposition will take place on July 8, 2020 at 2:00 p.m. (CT), or at some other time mutually agreed upon by the parties, via videoconference. The deposition will be recorded stenographically. In addition, the Committee reserves the right to record the testimony by audio or video means. The deposition will be taken for purposes of discovery, preservation of testimony, and any other purposes permitted by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Federal Rules of Evidence, or other applicable law.

Dated: July 7, 2020
      Dallas, Texas

*/s/ Patrick J. Carew*

**KILPATRICK TOWNSEND & STOCKTON LLP**
Patrick J. Carew, Esq.
State Bar No. 24031919
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Tel: (214) 922-7155
Fax: (214) 279-5178
Email: pcarew@kilpatricktownsend.com

– and –

**KILPATRICK TOWNSEND & STOCKTON LLP**
Todd C. Meyers, Esq. (admitted *pro hac vice*)
David M. Posner, Esq. (admitted *pro hac vice*)
Kelly E. Moynihan, Esq. (admitted *pro hac vice*)
The Grace Building
1114 Avenue of the Americas
New York, New York 10036-7703
Telephone: (212) 775-8700
Facsimile: (212) 775-8800
Email: tmeyers@kilpatricktownsend.com
      dposner@kilpatricktownsend.com
      kmoynihan@kilpatricktownsend.com

*Proposed Counsel to the Official Committee of Unsecured Creditors of Vista Proppants and Logistics, LLC, et al.*