

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

_____

**Signed October 28, 2020**

**United States Bankruptcy Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Vista Proppants and Logistics, LLC, *et al.*,[1] | § | Case No. 20-42002-ELM-11 |
| | § | |
| Debtors. | § | Jointly Administered |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING
CONFIRMATION OF THE FOURTH AMENDED JOINT PLAN OF
REORGANIZATION OF VISTA PROPPANTS AND LOGISTICS, LLC, *ET AL.*,
PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

On October 27, 2020, the Bankruptcy Court conducted a hearing (the "Confirmation

Hearing") to consider confirmation of the *Fourth Amended Joint Plan of Reorganization of Vista*

---

1 The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Vista Proppants and Logistics, LLC (7817) ("Vista HoldCo"); VPROP Operating, LLC (0269) ("VPROP"); Lonestar Prospects Management, L.L.C. (8451) ("Lonestar Management"); MAALT Specialized Bulk, LLC (2001) ("Bulk"); Denetz Logistics, LLC (8177) ("Denetz"); Lonestar Prospects, Ltd. (4483) ("Lonestar Ltd."); and MAALT, LP (5198) ("MAALT"). The location of the Debtors' service address is 4413 Carey Street, Fort Worth, TX 76119-4219.

*Proppants and Logistics, LLC, et al., Pursuant to Chapter 11 of the Bankruptcy Code*, dated October 26, 2020 [Docket No. 682] (the "Plan"), filed by Vista Proppants and Logistics, LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors").[2] As referred to herein, the "Plan" shall be the Plan attached as **Exhibit A** to the *Order Confirming the Fourth Amended Joint Plan of Reorganization of Vista Proppants and Logistics, LLC, et al., Pursuant to Chapter 11 of the Bankruptcy Code* (the "Confirmation Order"). After considering the evidence presented and the arguments and representations of counsel for the Debtors and other parties in interest on the record during the Confirmation Hearing, and the entire record in the Chapter 11 Cases, the Bankruptcy Court hereby makes and issues the following findings of fact and conclusions of law (the "Findings of Fact and Conclusions of Law"):

## **FINDINGS OF FACT**

### A.    **Introduction**

1.    On July 3, 2020, the Debtors filed the *Joint Plan of Reorganization of Vista Proppants and Logistics, LLC, et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 158]. Also on July 3, 2020, the Debtors filed the *Disclosure Statement in Support of the Joint Plan of Reorganization of Vista Proppants and Logistics, LLC, et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 159] (as amended, the "Disclosure Statement"). Amended versions of the Plan and Disclosure Statement were filed on August 13, 2020 [Docket Nos. 381 and 382, respectively] and August 18, 2020 [Docket Nos. 401 and 402, respectively]. Further amended versions of the Plan were filed on September 14, 2020 [Docket No. 518] and October 26, 2020 [Docket No. 682]. The Plan and Disclosure Statement, along with the other Solicitation Materials (as hereinafter defined), were provided to Creditors and parties-in-interest

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan. The rules of interpretation set forth in Article I.B of the Plan apply to this Order.

in compliance with the Disclosure Statement Order (as hereinafter defined). These Findings of Fact and Conclusions of Law are made with respect to Confirmation of the Plan.

**B.**    **Jurisdiction, Venue, Core Proceeding**

2.    The Bankruptcy Court has jurisdiction over the Chapter 11 Cases and this matter pursuant to 28 U.S.C. §§ 157 and 1334. Confirmation of the Plan is a core matter under 28 U.S.C. § 157(b). The Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This Bankruptcy Court may enter a Final Order consistent with Article III of the United States Constitution.

**C.**    **The Chapter 11 Cases**

3.    On June 9, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered under Bankruptcy Case No. 20-42002.

4.    The Debtors were and are entities eligible for relief under section 109 of the Bankruptcy Code.

5.    The Debtors have been operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On June 23, 2020, the Office of the United States Trustee (the "US Trustee") for this district appointed the Official Committee of Unsecured Creditors (the "Committee") in these Chapter 11 Cases. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

**D.** **The Solicitation Materials and Related Notice Matters**

6.      On July 8, 2020, the Debtors filed the *Debtors' Motion for Entry of an Order (i) Approving the Disclosure Statement; (ii) Fixing a Record Date; (iii) Approving Cure Procedures; (iv) Approving Solicitation Procedures; (v) Approving Form of Ballot and Establishing Voting Procedures; and (vi) Establishing Notice And Objection Procedures with Respect to Confirmation of the Debtors' Chapter 11 Plan of Reorganization* [Docket No. 171] (the "Disclosure Statement Motion").

7.      On August 19, 2020, the Court entered an order granting the Disclosure Statement Motion and approving the Disclosure Statement [Docket No. 405] (the "Disclosure Statement Order"). Pursuant to the Disclosure Statement Order, the Court (a) established certain solicitation and voting procedures (the "Solicitation Procedures"); (b) established notice and objection procedures with respect to the hearing to consider Confirmation of the Plan; (c) established certain procedures regarding the assumption of executory contracts and unexpired leases; (d) established September 17, 2020 as the Voting Deadline and the Confirmation Objection Deadline; and (e) scheduled the Confirmation Hearing to commence on September 24, 2020 at 1:30 p.m. prevailing Central Time.

8.      On or before August 20, 2020, in accordance with the Disclosure Statement Order, the Debtors, through their solicitation agent, Kurtzman Carson Consultants LLC ("KCC"), commenced solicitation of votes on the Plan. Class 3 (Term Loan Secured Claims) and Class 6 (General Unsecured Claims) were the only Classes entitled to vote on the Plan. In connection with soliciting votes to accept or reject the Plan, and in accordance with the Disclosure Statement Order, the Debtors transmitted or caused the following materials (collectively, the "Solicitation Package") to be transmitted to the holders of Claims in Classes 3

and 6 (collectively, the "Voting Classes"): (a) the *Notice of (I) Approval of Disclosure Statement; (II) Establishment of Voting Record Date; (III) Approving Cure Procedures; (IV) Hearing on Confirmation of the Chapter 11 Plan of the Debtors; (V) Procedures for Objecting to the Confirmation of the Plan; and (VI) Procedures and Deadline for Voting on the Plan* [Docket No. 406] (the "Confirmation Hearing Notice"); (b) a customized copy of the appropriate customized Ballot(s) and voting instructions for the voting class in which such Creditor was entitled to vote, substantially in the form attached as Exhibit 1 to the Disclosure Statement Order (the "Class 3 Ballot") and Exhibit 2 to the Disclosure Statement Order (the "Class 6 Ballot");[3] (c) a pre-addressed, postage pre-paid return envelope; (d) a letter from the Committee in opposition to the second amended Plan (the "Committee Opposition Letter"); and (e) a letter from the Debtors in support of the Plan (the "Debtors' Plan Support Letter").

9.      The Debtors were not required to solicit votes on the Plan from holders of Claims or Interests in Class 1 (Other Secured Claims), Class 2 (Other Priority Claims), Class 4 (PlainsCapital ABL Secured Claims), Class 5 (MAALT Secured Claims), Class 7 (Intercompany Claims), Class 8 (Interests in Debtors other than Vista HoldCo), or Class 9 (Interests in Vista HoldCo) (the foregoing, collectively, the "Non-Voting Classes"), as such classes were deemed to accept or reject the Plan under sections 1126(f) and (g) of the Bankruptcy Code. In accordance with the Disclosure Statement Order, the Debtors, through KCC, served holders of Claims and Interests in Classes 1, 2, 4, 5, 7, 8, and 9 with the following (collectively, the "Non-Voting Package" and together with the Solicitation Package, the "Solicitation Materials"): (i) the Confirmation Hearing Notice, and (ii) the Impaired Non-Voting Status Notice (including Opt-

---

[3] Both the Class 3 Ballots and the Class 6 Ballots included a form to opt-out of the third-party release set forth in Article VIII.D of the Plan (such form, the "Opt-Out Election Form").

Out Election Form) or the Unimpaired Non-Voting Status Notice (including Opt-Out Election Form).

10. Between August 24, 2020 and September 2, 2020, and on September 22, 2020, the Debtors, through KCC, caused supplemental service of the Solicitation Materials on additional Creditors and parties in interest.

11. On September 3, 2020, the Debtors published a condensed form of the Confirmation Hearing Notice in the national edition of *USA Today* (the "Publication Notice"). The Debtors filed a Notice of Publication [Docket No. 466], which included a Verification of Publication from USA Today, evidencing publication of the Publication Notice.

12. On September 10, 2020, the Debtors filed the *Debtors' Emergency Motion for Entry of an Order Extending Confirmation and Related Plan Deadlines and Approving Form of Extension Notice* [Docket No. 497].

13. On September 11, 2020, this Court entered the *Order Approving Debtors' Emergency Motion for Entry of an Order Extending Confirmation and Related Plan Deadlines and Approving form of Extension Notice* [Docket No. 503] (the "Extension Order"). Pursuant to the Extension Order, the Confirmation Hearing was continued from September 24, 2020, to October 1, 2020. Additionally, pursuant to the Extension Order, certain Plan-related deadlines were extended for an additional seven-day period, including the Voting Deadline, the deadline to submit Opt-Out Election Forms, and the Confirmation Objection Deadline, which were extended to September 24, 2020 (collectively, the "Extended Deadlines").

14. On September 14, 2020, the Debtors filed (a) the third amended Plan [Docket No. 518], which, among other things, incorporated the terms of a comprehensive Plan settlement agreement among the Debtors, the Committee, and the Term Loan Secured Parties (the

"Settlement"), and (b) the *Notice of (I) Settlement Term Sheet Among Creditors' Committee, the Debtors, the Term Loan Agent, and the Term Loan Lenders; (II) Third Amended Joint Plan of Reorganization of Vista Proppants and Logistics, LLC, et. al., Pursuant to Chapter 11 of the Bankruptcy Code; and (III) Continued Confirmation Hearing and Extension of Related Deadlines* [Docket No. 520] (the "Extension Notice"). Among other things, the Extension Notice provided parties in interest with notice of the Settlement, the third amended Plan, the Extended Deadlines, the opportunity for changing votes to accept or reject the Plan in light of the Settlement and corresponding modifications to the Plan, changes to the scope of Released Parties and Exculpated Parties under the Plan, the opportunity to resubmit or modify an Opt-Out Election Form, and the continuance of the Confirmation Hearing to October 1, 2020. Furthermore, the Debtors made the revised forms of Ballots and Opt-Out Election Forms (reflecting the modifications to scope of Released Parties) publicly available on the Debtors' case website: http:www.kccllc.net/vista.

15.     In connection with the Extension Notice, on September 14, 2020, the Committee filed the *Statement of the Official Committee of Unsecured Creditors in Support of Confirmation of the Third Amended Joint Plan of Reorganization of Vista Proppants and Logistics, LLC, et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 521] (the "Committee Plan Support Statement") and prepared a solicitation letter in support of the Plan (the "Committee Solicitation Letter").

16.     On September 14, 2020, the Debtors, through KCC, served (a) the Extension Notice and Committee Solicitation Letter on Class 6 Creditors via overnight mail, and (b) the Extension Notice and the Committee Plan Support Statement on all Creditors, Interest holders, and parties in interest via first class mail and/or electronic mail.

17.     KCC filed certificates of service [Docket Nos. 439, 470, 546, and 599] (the "Solicitation Certificates of Service") evidencing service of the Solicitation Materials and the Extension Notice on Creditors, Interest holders, and the other parties entitled to service under the Disclosure Statement Order. Additionally, on October 7, 2020, KCC served notice of the Confirmation Hearing to all Creditors and parties in interest in the Chapter 11 Cases [Docket No. 645] (the "Confirmation Notice Certificate of Service" and, together with the Solicitation Certificates of Service, the "Certificates of Service").

18.     As set forth and approved in the Disclosure Statement Order, the Ballots the Debtors used to solicit votes to accept or reject the Plan from holders in the Voting Classes adequately addressed the particular needs of the Chapter 11 Cases and were appropriate for holders in the Voting Classes to vote to accept or reject the Plan. Under sections 1126(f) and 11126(g) of the Bankruptcy Code, the Debtors were not required to solicit votes from the holders of Claims or Interests, as applicable, in the Non-Voting Classes, each of which is conclusively presumed to have accepted, or deemed to have rejected, the Plan.

19.     The process described in the Solicitation Certificates of Services and the Amended Ballot Certification (as hereinafter defined) that the Debtors and KCC followed to identify the relevant parties on which to serve the applicable Ballot, Impaired Non-Voting Status Notice (including Opt-Out Election Form), or Unimpaired Non-Voting Status Notice (including Opt-Out Election Form), and to distribute the Opt-Out Election Forms, (a) is consistent with industry standards for the identification and dissemination of such materials, and (b) was reasonably calculated to ensure that each holder of Claims or Interests in all Non-Voting Classes was informed of its ability to opt out of the releases contained in Article VIII.D of the Plan and the consequences for failing to timely do so.

20.     As evidenced by the Declarations (as hereinafter defined) and the Amended Ballot Certification, all parties required to be given notice of the commencement of the Chapter 11 Cases, the Disclosure Statement, the Plan, and the Confirmation Hearing (including the deadline for filing and serving objections to Confirmation of the Plan) have been given due, proper, adequate, timely, and  sufficient notice thereof in accordance with the Disclosure Statement Order and in compliance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules"), and all other applicable non-bankruptcy rules, laws, and regulations, and such parties have had an opportunity to appear and be heard with respect thereto. No other or further notice is or shall be required.

21.     As evidenced by the Declarations and the Amended Ballot Certification, transmittal and service of the Solicitation Materials were timely, adequate, appropriate, and sufficient under the circumstances. The Debtors formulated the Plan and solicited acceptances thereon in good faith and in compliance with the Disclosure Statement Order, the Bankruptcy Code, including sections 1125 and 1126 thereof, the Bankruptcy Rules, including rules 3017 and 3018 thereof, the Local Rules, and all other applicable non-bankruptcy rules, laws and regulations. The period during which the Debtors solicited acceptances or rejections of the Plan was a reasonable and sufficient period of time for each holder in the Voting Classes to make an informed decision to accept or reject the Plan. Based on the foregoing, the Plan has been solicited in good faith, and the Debtors are entitled to the full protections afforded under section 1125(e) of the Bankruptcy Code.

E.      **Plan Supplement**

22.     The Debtors filed a *Notice of Filing of Plan Supplements* [Docket No. 549] on September 19, 2020; a *Notice of Filing of Amended Plan Supplements* [Docket No. 612] on October 1, 2020; a *Second Notice of Filing of Amended Plan Supplements* [Docket No. 671] on October 23, 2020; and a *Third Notice of Filing of Amended Plan Supplements* [Docket No. 687] on October 26, 2020 (collectively, and as may be further amended, supplemented, restated or modified from time to time, the "Plan Supplement").  The materials contained in the Plan Supplement comply with the terms of the Plan, and the filing and notice of such documents was good and proper in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Disclosure Statement Order, and no other or further notice is or shall be required. The documents included in the Plan Supplement are integral to, part of, and incorporated by reference into the Plan.  In accordance with the Plan, the Plan Supplement may be altered, amended, updated, or modified prior to the Effective Date, subject to the terms of the Plan.

F.      **Impairment of Claims and Results of Voting on the Plan**

23.     Holders of Claims in Class 1 (Other Secured Claims), Class 2 (Other Priority Claims), Class 4 (PlainsCapital ABL Secured Claims), and Class 5 (MAALT Secured Claims), are unimpaired under the Plan.  Under section 1126(f) of the Bankruptcy Code, holders of Claims in Classes 1, 2, 4 and 5 are conclusively presumed to have accepted the Plan.

24.     The Plan impairs Claims in Class 3 (Term Loan Secured Claims) and Class 6 (General Unsecured Claims).

25.     Claims in Class 7 (Intercompany Claims) and Class 8 (Interests in Debtors other than Vista HoldCo) shall be, at the option of the Debtors, with the consent of the Required Consenting Lenders, either Reinstated or cancelled and released without any distribution.

Claims in Class 7 (Intercompany Claims) and Class 8 (Interests in Debtors other than Vista HoldCo) are therefore conclusively presumed to have either accepted or rejected the Plan. Accordingly, holders of Claims in Class 7 (Intercompany Claims) and Class 8 (Interests in Debtors other than Vista HoldCo) are not entitled to vote on the Plan.

26. Holders of Interests in Class 9 (Interests in Vista HoldCo) are receiving nothing on account of such Interests under the Plan. Under section 1126(g) of the Bankruptcy Code, holders of Interests in this Class are conclusively presumed to have rejected the Plan and are not entitled to vote on the Plan.

27. On October 23, 2020, following the expiration of all agreements for an extension of the Voting Deadline and the deadline to submit an Opt-Out Election Form, the Debtors filed the *Amended Certification of Angela M. Nguyen of Kurtzman Carson Consultants LLC Regarding Tabulation of Votes in Connection with the Third Amended Joint Plan of Reorganization of Vista Proppants and Logistics, LLC, et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 672] (the "Amended Ballot Certification"). The voting results contained in the Amended Ballot Certification are incorporated herein by reference, and are adopted by the Court as its findings of fact.

28. Class 3 (Term Loan Secured Claims). Only Debtors Vista HoldCo, VPROP, and Lonestar Ltd. had Class 3 Term Loan Secured Claims asserted against them. Therefore, except with respect to Vista HoldCo, VPROP, and Lonestar Ltd., Class 3 for each of the other Debtors is eliminated pursuant to paragraph 27 of the Disclosure Statement Order. With respect to the Class 3 Term Loan Secured Claims asserted against Vista HoldCo, VPROP, and Lonestar Ltd., 100% in number and 100% in amount of voting Creditors in Class 3 (Term Loan Secured

Claims) voted to accept the Plan. Accordingly, Class 3 (Term Loan Secured Claims) for each of Vista HoldCo, VPROP, and Lonestar Ltd. voted to accept the Plan.

29.    <u>Class 6 (General Unsecured Claims)</u>.  In Vista HoldCo, 56.52% in number and 97.09% in amount of voting Creditors in Class 6 (General Unsecured Claims) voted to accept the Plan. In Bulk, 80.77% in number and 99.46% in amount of voting Creditors in Class 6 (General Unsecured Claims) voted to accept the Plan.  In Lonestar Ltd., 76.12% in number and 99.17% in amount of voting Creditors in Class 6 (General Unsecured Claims) voted to accept the Plan. In MAALT, 79.41% in number and 79.41% in amount of voting Creditors in Class 6 (General Unsecured Claims) voted to accept the Plan. In each of VPROP, Lonestar Management, and Denetz, 100% in number and 100% in amount of voting Creditors in Class 6 (General Unsecured Claims) voted to accept the Plan. Accordingly, Class 6 (General Unsecured Creditors) for each of the Debtors voted to accept the Plan.

30.    The classification and treatment of Claims and Interests are described in Article III of the Plan, and the Plan implementation procedures are described in Article IV of the Plan. The foregoing comply with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules, including sections 1122, 1123, and 1129 of the Bankruptcy Code, and are reasonable and appropriate.

**G.    <u>Modifications to Plan</u>**

31.    Pursuant to and in compliance with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, the Debtors proposed certain modifications to the Plan as reflected herein, in the Confirmation Order, and/or in modified or amended versions of the Plan and Plan Supplement filed with the Court prior to entry of the Confirmation Order (collectively, the "<u>Plan Modifications</u>"). In accordance with Bankruptcy Rule 3019, the Plan Modifications do not (i)

constitute material modifications of the Plan under section 1127 of the Bankruptcy Code, (ii) require additional disclosure under section 1125 of the Bankruptcy Code; (iii) cause the Plan to fail to meet the requirements of sections 1122 or 1123 of the Bankruptcy Code, (iv) materially and adversely change the treatment of any Claims or Interests, (v) require re-solicitation of any holders of Claims or Interests, or (vi) require that any such holders be afforded an opportunity to change previously cast acceptances or rejections of the Plan. Under the circumstances, the form and manner of notice of the proposed Plan Modifications are adequate, and no other or further notice of the proposed Plan Modifications is necessary or required. In accordance with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, all holders of Claims or Interests who voted to accept the Plan or who are conclusively presumed to have accepted the Plan are deemed to have accepted the Plan as modified by the Plan Modifications. No holder of a Claim or Interest that has voted to accept the Plan shall be permitted to change its acceptance to a rejection as a consequence of the Plan Modifications. Accordingly, the Plan is properly before the Bankruptcy Court and all votes cast with respect to the Plan prior to such Plan Modifications shall be binding and shall apply with respect to the Plan.

**H.**    **The Confirmation Hearing**

32.     The Court conducted the Confirmation Hearing on October 27, 2020 at 9:30 a.m. (Central Time). At the Confirmation Hearing, the Debtors announced additional nonmaterial modifications to the Plan and Confirmation Order in order to resolve certain objections raised during the Confirmation Hearing, and those modifications are approved as described herein and in the Plan and/or Confirmation Order.

## I.    Release and Exculpation

33.    The Bankruptcy Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code and authority under section 105 of the Bankruptcy Code to approve the releases, exculpation, and injunctions set forth in Article VIII of the Plan.

34.    Article VIII.C of the Plan (Releases by the Debtors) describes certain releases granted by the Debtors and their Estates (the "Debtor Releases"). The Debtors have satisfied their burden with respect to the propriety of the Debtors Releases. Such releases are a necessary and integral element of the Plan, and are fair, reasonable, and in the best interests of the Debtors, their Estates, and holders of Claims and Interests. The Debtor Releases are: (a) in exchange for good and valuable consideration provided by the Released Parties, including the Released Parties' contributions to facilitate the Restructuring Transactions and implement the Plan; (b) are the product of extensive good-faith, arm's-length negotiations; (c) in the best interests of the Debtors, their Estates, and all holders of Claims or Interests; (d) fair, equitable, and reasonable; and (e) appropriately tailored under the facts and circumstances of the Chapter 11 Cases. The Debtor Releases are appropriate in light of, among other things, the value provided by the Released Parties to the Debtors' Estates and the critical nature of the Debtor Releases to the Plan.

35.    Article VIII.D of the Plan (Releases by Holders of Claims and Interests) describes certain releases of the Released Parties by the Releasing Parties (the "Third-Party Releases"). The Third-Party releases are an integral part of the Plan. Like the Debtor Releases, the Third-Party Releases facilitated participation in and support for the Plan, the Restructuring Transactions, and the chapter 11 process generally. The Third-Party Releases were a critical component of the Settlement, and the parties' agreement to provide the consideration distributed under the Plan and to support the Plan. As such, the Third-Party releases appropriately offer

certain protections to parties who constructively participated in the Debtors' restructuring process by, among other things, providing the consideration distributed under the Plan and supporting the Plan.

36. The Third-Party Releases are consensual releases by the Releasing Parties because such parties were provided notice of the Chapter 11 Cases, the Plan, and the deadline to object to Confirmation of the Plan, and received the Confirmation Hearing Notice and were properly informed that holders of Claims against or Interests in the Debtors that did not (a) check the opt-out box on the applicable Ballot or Opt-Out Election Form, returned in advance of the Voting Deadline, or (b) object to their inclusion as a Releasing Party on or before the Objection Deadline, would be deemed to have expressly and unconditionally consented to the release and discharge of all Claims and Causes of Action against the Debtors and the Released Parties as set forth in Article VIII.D of the Plan. The release provisions of the Plan were conspicuously disclosed in boldface type in the Plan, the Disclosure Statement, the Ballots, the Confirmation Hearing Notice, and the Non-Voting Package, which provided parties in interest with sufficient notice of the releases, and holders of Claims or Interests the option to opt-out of the Third-Party Releases.

37. The Third-Party Releases provide finality for the Debtors, the Reorganized Debtors, and the Released Parties regarding the parties' respective obligations under the Plan. Such releases are a necessary and integral element of the Plan, and are fair, equitable, reasonable, and in the best interests of the Debtors, their Estates, and holders of Claims and Interests. The Third-Party Releases are: (a) consensual; (b) essential to Confirmation of the Plan; (c) given in exchange for a substantial contribution and for the good and valuable consideration provided by the Released Parties that is important to the success of the Plan; (d) a good-faith settlement and

compromise of the Claims and Causes of Action released by the Third-Party Releases; (e) materially beneficial to, and in the best interests of, the Debtors, their Estates, and all holders of Claims and Interests, and important to the overall objectives of the Plan to finally resolve certain Claims among or against certain parties in interest in the Chapter 11 Cases; (f) fair, equitable, and reasonable; (g) given and made after due notice and opportunity for hearing; and (h) consistent with sections 105, 524, 1123, 1129, and 1141 and other applicable provisions of the Bankruptcy Code.

38.    The exculpation provided in Article VIII.E of the Plan (the "Exculpation") is appropriate under applicable law because it was proposed in good faith, was formulated following extensive good-faith, arm's-length negotiations among key stakeholders, was an integral component of the Plan, and is appropriately limited in scope—covering only certain enumerated activities performed in furtherance of the Debtors' restructuring and excepting bad faith, actual fraud, willful misconduct, and gross negligence.

39.    The injunction provisions set forth in Article VIII.F of the Plan are necessary to implement, preserve, and enforce the Debtors' discharge, the Debtor Releases, the Third-Party Releases, and the Exculpation, and are narrowly tailored to achieve this purpose.

40.    The record of the Confirmation Hearing and these Chapter 11 Cases is sufficient to support the injunctions, releases, and exculpation provided for in the Plan.  Accordingly, based upon the record of these Chapter 11 Cases, the representations of the parties, and/or the evidence proffered, adduced, and/or presented at the Confirmation Hearing, the releases, exculpation, and injunctions set forth in Article VIII of the Plan are consistent with the Bankruptcy Code and applicable law and are therefore approved.

**J.** **Means for Implementation of the Plan**

41.     The Exit Facility Documents for the Exit Facility filed with the Plan Supplement comply with the terms of the Plan and are approved.

42.     The Litigation Trust Agreement for the Litigation Trust filed with the Plan Supplement complies with the terms of the Plan and is approved.

**K.** **Executory Contracts and Unexpired Leases**

43.     In accordance with the Disclosure Statement Order, on August 19, 2020, the Debtors filed the *Notice of Cure Procedures* [Docket No. 407] (the "Cure Notice"), identifying the Executory Contracts and Unexpired Leases that may be assumed under the Plan and the cure amounts, if any, necessary to assume such Executory Contracts and Unexpired Leases. The Cure Notice was properly served on the relevant contract counterparties, as evidenced by the certificate of service filed by KCC [Docket No. 433] on August 25, 2020 (the "Cure Procedures Certificate of Service").

44.     On September 19, 2020, the Debtors filed with the Bankruptcy Court the Schedule of Assumed Contracts and Leases [Docket No. 549] identifying Executory Contracts and Unexpired Leases that the Debtors intend to assume pursuant to Article V of the Plan. On October 1, 2020, the Debtors filed with the Bankruptcy Court an amended Schedule of Assumed Contracts and Leases [Docket No. 612]. On October 23, 2020, the Debtors filed a further amended Schedule of Assumed Contracts and Leases [Docket No. 671].

45.     The Debtors have exercised reasonable business judgment in determining whether to assume or reject Executory Contracts and Unexpired Leases pursuant to Article V of the Plan. Each assumption or assumption and assignment of an Executory Contract or Unexpired Lease pursuant to Article V of the Plan shall be legal, valid, and binding upon the Debtors or

Reorganized Debtors and their successors and assigns and all non-Debtor parties and their successors and assigns to such Executory Contract or Unexpired Lease, all to the same extent as if such assumption or assumption and assignment were effectuated pursuant to an order of the Bankruptcy Court under section 365 of the Bankruptcy Code entered before entry of the Confirmation Order. Moreover, the Debtors have cured, or provided adequate assurance that the Debtors or Reorganized Debtors or their successors and assigns, as applicable, will cure, defaults (if any) under or relating to each of the Executory Contracts and Unexpired Leases that are being assumed or assumed and assigned by the Debtors pursuant to the Plan. In addition, the Debtors or Reorganized Debtors or their successors and assigns, as applicable, are financially sound, and have provided adequate assurance of future performance under such Executory Contracts and Unexpired Leases being assumed or assumed and assigned, as applicable.

46.     The Court's oral Findings of Fact on the record at the Confirmation Hearing are incorporated herein by reference.

47.     To the extent that any provision designated herein as a Finding of Fact is more properly characterized as a Conclusion of Law, it is adopted as such.

48.     To the extent any objection to Confirmation of the Plan has not been withdrawn, it is overruled.

## **CONCLUSIONS OF LAW**

A.     This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(L). This matter arises under title 11, and jurisdiction is vested in this Court to enter a final order by virtue of 28 U.S.C. § 1334(a) and (b), 28 U.S.C. §§ 151, 157(a) and (b)(1), and the Standing Order of Reference in this District. These Findings of Fact and Conclusions of Law are being entered pursuant to Bankruptcy Rules 7052 and 9014.

**Confirmation Requirements Concerning the Plan**

**11 U.S.C. § 1129(a)(1) and (a)(2): Compliance with Title 11**

B. The classification of Claims and Interests described in the Plan satisfies the standards of section 1122 of the Bankruptcy Code. The Plan complies with the applicable provisions of the Bankruptcy Code, including section 1123 of the Bankruptcy Code. The requirements of section 1129(a)(1) of the Bankruptcy Code are therefore satisfied. The Debtors have complied with the terms of the Disclosure Statement Order and the applicable provisions of the Bankruptcy Code. The requirements of section 1129(a)(2) of the Bankruptcy Code are therefore satisfied.

C. Specifically, the Plan, as required by section 1123 of the Bankruptcy Code:

- designates, subject to section 1122, Classes of Claims, other than Claims of a kind specified in section 507(a)(1), 507(a)(2) or 507(a)(8), and Classes of Interests;

- specifies every Class of Claims or Interests that is not impaired under the Plan;

- specifies the treatment of any Class of Claims or Interests that is impaired under the Plan;

- provides the same treatment for each Claim or Interest of a particular Class, unless the holder of a particular Claim or Interest agrees to a less favorable treatment of such particular Claim or Interest;

- provides adequate means for the Plan's implementation; and

- contains only provisions that are consistent with the interests of Creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the Plan and any successor to such officer, director, or trustee.

D. The Plan complies with the applicable provisions of title 11, and the Debtors have complied with the applicable provisions of chapter 11, as required by sections 1129(a)(1) and (a)(2) of the Bankruptcy Code.

**11 U.S.C. § 1129(a)(3):  Plan Proposed in Good Faith**

E.      The Plan has been proposed in good faith and not by any means forbidden by law as required by section 1129(a)(3) of the Bankruptcy Code. The Debtors have proposed the Plan with the legitimate and honest purpose of reorganizing their financial affairs and making distributions to Creditors.  The Plan has not been proposed by any means forbidden by law.  The Plan fairly achieves a result consistent with the objectives and purposes of the Bankruptcy Code. The Plan is the result of good-faith, arms-length negotiations among the Debtors, the Term Loan Secured Parties, the DIP Agent and DIP Lenders, the Committee, and other Creditor constituencies.  The Plan has been proposed in good faith.

**11 U.S.C. § 1129(a)(4):  Disclosure and Approval of Payments**

F.      Any payment made or to be made by the Debtors, for services or for costs and expenses in or in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, has been approved by, or is subject to the approval of the Bankruptcy Court as reasonable, as required by section 1129(a)(4) of the Bankruptcy Code.

**11 U.S.C. § 1129(a)(5):  Disclosure of Management and Payments to Insiders**

G.      As required by section 1129(a)(5) of the Bankruptcy Code, the Debtors have disclosed the identities of the individuals proposed to serve on the board of directors or managers, as applicable, and officers of the Reorganized Debtors after the Effective Date of the Plan, and information about the directors' and officers' affiliations. Such disclosure constitutes adequate disclosure of such information.

H.      The Debtors have disclosed the identity of any director, officer, or employee of the Reorganized Debtors that is an Insider, and the Debtors have disclosed the nature of any compensation to be paid to any such director, officer, or employee.  Consequently, the Debtors

have provided sufficient disclosure regarding the identity of any Insiders that will be employed or retained by the Reorganized Debtors, and the nature of any compensation for such Insiders. Each director and officer will serve in accordance with the terms and subject to the conditions of the Updated Governance Documents.

I.      Further, the Plan provides that the Committee shall select the Litigation Trustee. The Committee selected Ankura Trust Company to serve as the Litigation Trustee, and the identity of the Litigation Trustee was disclosed in accordance with section 1129(a)(5) of the Bankruptcy Code.

J.      Ankura Trust Company's appointment as the Litigation Trustee is consistent with the interests of Creditors and with public policy.  The Litigation Trustee will be compensated in accordance with the terms of the Plan and the Litigation Trust Agreement.

### 11 U.S.C. § 1129(a)(6):  Regulatory Rate Approval

K.      The Plan does not provide for a "rate change" as contemplated by section 1129(a)(6) of the Bankruptcy Code, and therefore, section 1129(a)(6) does not apply to the Plan.

### 11 U.S.C. § 1129(a)(7):  Best Interest of Creditors Test

L.      The Debtors prepared a liquidation analysis (the "Liquidation Analysis") with respect to a hypothetical liquidation of the Debtors under chapter 7 of the Bankruptcy Code.  The Liquidation Analysis was attached as Exhibit 3 to the Disclosure Statement.  The Court accepts the results of the Liquidation Analysis.  Based on the Liquidation Analysis, with respect to each impaired Class of Claims or Interests, (a) each holder of a Claim or Interest of such Class has either accepted the Plan or (b) will receive or retain under the Plan on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such

holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code. The requirements of 11 U.S.C § 1129(a)(7) are therefore satisfied.

**11 U.S.C. § 1129(a)(8):  Acceptance of Plan by All Classes**

M.    Section 1129(a)(8) of the Bankruptcy Code requires that, with respect to each class of claims or interests, such class has either accepted the plan or is not impaired under the plan.  Classes 1, 2, 4, 5, and, at the election of the Debtors, with the consent of the Required Consenting Lenders, Classes 7 and 8, are unimpaired under the Plan.  As set forth in the Amended Ballot Certification, all Classes of Claims and Interests who were entitled to vote on the Plan either voted to accept the Plan or are deemed to have accepted the Plan, and therefore, the requirements of section 1129(a)(8) of the Bankruptcy Code are satisfied. Alternatively, to the extent the requirements of section 1129(a)(8) of the Bankruptcy Code have not been satisfied, the Plan meets the cramdown requirements of section 1129(b) of the Bankruptcy Code with respect to Class 9 which is deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code.  The cramdown requirements of section 1129(b) are satisfied because the Plan does not provide a Distribution to Class 9 Vista HoldCo Interests, and there are no Classes junior to such Classes that are receiving a Distribution or retaining any property under the Plan.

**11 U.S.C. § 1129(a)(9):  Payment of Priority Claims**

N.    Section 1129(a)(9) of the Bankruptcy Code provides for the treatment of claims entitled to priority under sections 507(a)(l)-(8) of the Bankruptcy Code.   Under section 1129(a)(9)(A) of the Bankruptcy Code, holders of section 507(a)(2) and (a)(3) claims must receive cash equal to the allowed amount of such claim.  Section 1129(a)(9)(B) provides that, except to the extent the holder of a claim has otherwise agreed to a different treatment, holders of section 507(a)(1) and (a)(4)-(a)(7) claims must receive deferred cash payments of a value equal

to the allowed amount of such claims if the class has accepted the Plan or, if not, cash equal to the allowed amount of such claim.

O.      Under Article II.A of the Plan, holders of Allowed Administrative Claims (Claims entitled to priority under section 507(a)(2)) shall be paid an amount of Cash equal to the amount of their Allowed Administrative Claims, except as otherwise agreed to by the holder of an Allowed Administrative Claim and the Debtors or Reorganized Debtors, as applicable. Under Article III.D.2 of the Plan, holders of Allowed Other Priority Claims (Claims entitled to priority in payment under sections 507(a)(1) and (4)-(7)) will be paid in full in Cash in accordance with the Plan.  No holder of an Administrative Claim and no member of the Class of Other Priority Claims objected to this treatment proposed by the Plan.   Accordingly, the Plan meets the requirements of sections 1129(a)(9)(A) and 1129(a)(9)(B) of the Bankruptcy Code.

P.      Under sections 1129(a)(9)(C) and (D) of the Bankruptcy Code, holders of claims under section 507(a)(8) and secured tax claims must receive regular installment payments in cash, (a) of a total value, as of the effective date of the plan, equal to the allowed amount of such claim; (b) over a period ending not later than 5 years after the date of the order for relief under sections 301, 302 or 303; and (iii) in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the Plan.  Article II.C of the Plan provides that Allowed Priority Unsecured Tax Claims shall be treated in accordance with section 1129(a)(9)(C) of the Bankruptcy Code, except to the extent that a holder of an Allowed Priority Unsecured Tax Claim agrees to less favorable treatment.   Accordingly, the Plan meets the requirements of section 1129(a)(9)(C) of the Bankruptcy Code.

Q.      Additionally, Section III.D.1 of the Plan provides for the satisfaction of Allowed Other Secured Claims by (a) payment in full in Cash of the Allowed Other Secured Claim; (b)

transferring the collateral securing such Allowed Other Secured Claim to the holder of such Claim, (c) Reinstatement of such Allowed Other Secured Claim, or (d) such other treatment rendering such Allowed Other Secured Claim Unimpaired in accordance with section 1124 of the Bankruptcy Code. The Plan therefore meets the requirements of section 1129(a)(9)(D) of the Bankruptcy Code.

### 11 U.S.C. § 1129(a)(10): At Least One Impaired Class Has Accepted the Plan

R.      Section 1129(a)(10) of the Bankruptcy Code provides that if one or more classes of claims is impaired under a plan, at least one class must have accepted the plan, without including any votes of insiders. Class 3 is comprised of Allowed Term Loan Secured Claims and is Impaired under the Plan. Without including any acceptance of the Plan by any Insider, Class 3 voted to accept the Plan. Class 6 is comprised of Allowed General Unsecured Claims and is Impaired under the Plan. Without including any acceptance of the Plan by any Insider, Class 6 voted to accept the Plan. The Plan therefore satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code.

### 11 U.S.C. § 1129(a)(11):  Feasibility

S.      At the Confirmation Hearing, the Debtors offered the recovery analysis attached as Exhibit 5 to the  original Disclosure Statement, the financial projections attached as Exhibit 4 to the first amended Disclosure Statement, the *Declaration of Gary Barton in Support of Confirmation of the Debtors' Fourth Amended Joint Plan of Reorganization*, dated October 26, 2020 [Docket No. 688] (the "Barton Declaration"), the *Declaration of Sanjiv Shah in Support of Confirmation of the Fourth Amended Joint Plan of Reorganization*, dated October 26, 2020 [Docket No. 686] (the "Piper Sandler Declaration" and, together with the Barton Declaration, the "Declarations") to demonstrate the feasibility of the Plan. Based on the testimony and the

supporting documentary evidence presented at the Confirmation Hearing, the Court finds that the Plan implements the reorganization of the Debtors and their businesses and the restructuring of their financial obligations. The financial projections prepared by the Debtors are reasonable, and the Debtors can be expected to achieve operational results consistent with those financial projections. The financial projections demonstrate that the Debtors will be able to make all payments required under the Plan, and that confirmation of the Plan is not likely to be followed by liquidation or further need for financial restructuring by the Debtors. Therefore, the Plan is feasible and complies with section 1129(a)(11) of the Bankruptcy Code.

### 11 U.S.C. § 1129(a)(12): Payment of Fees

T.     Article XII.C of the Plan provides that, until the Chapter 11 Cases are closed, all fees incurred under 28 U.S.C. § 1930(a)(6) will be paid by each of the Reorganized Debtors, the DIP Lenders, or the Term Loan Lenders. Accordingly, the Plan complies with the requirements of section 1129(a)(12) of the Bankruptcy Code.

### 11 U.S.C. § 1129(a)(13): Retiree Benefits

U.     Article IV.N. of the Plan provides that all retiree benefits (as such term is defined in section 1114 of the Bankruptcy Code), if any, shall continue to be paid in accordance with applicable law. Accordingly, the Plan complies with the requirements of section 1129(a)(13) of the Bankruptcy Code.

### 11 U.S.C. § 1129(a)(14): Domestic Support Obligations

V.     The Debtors are not required to pay a domestic support obligation, either under a judicial or administrative order or by statute, and therefore section 1129(a)(14) of the Bankruptcy Code is inapplicable.

**11 U.S.C. § 1129(a)(15): Objection to Plan Confirmation by a Holder of an Unsecured Claim**

W.     The Debtors are not individuals, and therefore section 1129(a)(15) of the Bankruptcy Code is inapplicable.

**11 U.S.C. § 1129(a)(16): Restrictions on Transfers of Property by Nonprofit Entities**

X.     Each of the Debtors and the Litigation Trust are a moneyed, business, or commercial corporation or trust, and therefore section 1129(a)(16) of the Bankruptcy Code is inapplicable.

**11 U.S.C. § 1129(d)**

Y.     The primary purpose of the Plan is not avoidance of taxes or avoidance of the requirements of Section 5 of the Securities Act. Therefore, the Plan complies with section 1129(d) of the Bankruptcy Code.

**11 U.S.C. § 1129(b)**

Z.     Under section 1129(b) of the Bankruptcy Code, the court "shall confirm the plan . . . if the plan does not discriminate unfairly, and it is fair and equitable, with respect to each class of claims or interest that is impaired under, and has not accepted, the plan."  For purposes of section 1129(b) of the Bankruptcy Code, the Plan is fair and equitable to the extent that the holder of any claim or interest that is junior to the claims of such class will not receive or retain any property under the plan on account of such junior claim or interest. *See* 11 U.S.C. § 1129(b)(2)(B)(ii), (C)(ii).

AA.    All Classes that were entitled to vote on the Plan either voted in favor of the Plan or are conclusively presumed to have accepted the Plan. If it is determined, however, that Class 9 Vista HoldCo Interests did not accept the Plan or are conclusively presumed to have rejected the Plan, the Plan is fair and equitable with respect to the holders of Class 9 Vista HoldCo Interests

because the Plan does not provide a Distribution to parties in that Class, and there are no Classes junior to such Class that are receiving a Distribution or retaining any property under the Plan. Therefore, the Plan meets the cramdown requirements under section 1129(b) of the Bankruptcy Code regarding the treatment of the Class 9 Vista HoldCo Interests.

## Miscellaneous Provisions

BB.    The Court's oral Conclusions of Law on the record at the Confirmation Hearing are incorporated herein by reference.

CC.    The record of the Confirmation Hearing is closed.

DD.    To the extent that any provision designated herein as a Conclusion of Law is more properly characterized as a Finding of Fact, it is adopted as such.

### END OF FINDINGS OF FACT AND CONCLUSIONS OF LAW ###

Submitted by:

**HAYNES AND BOONE, LLP**

Stephen M Pezanosky
State Bar No. 15881850
Matthew T. Ferris
State Bar No. 24045870
David Staab
State Bar No. 24093194
Alexandra Kirincic
State Bar No. 24116621
2323 Victory Avenue, Suite 700
Dallas, TX 75219
Telephone: 214.651.5000
Facsimile: 214.651.5940
Email: stephen.pezanosky@haynesboone.com
Email: matt.ferris@haynesboone.com
Email: david.staab@haynesboone.com
Email: alex.kirincic@haynesboone.com

**COUNSEL FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION**